IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| RONALD DE'RAY SKIPPER, ) | Civil Action No.  4:05-3024-HFF-TER |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| SOUTH CAROLINA DEPARTMENT ) | |
| OF CORRECTIONS; JON OZMINT, ) | |
| DIRECTOR; MARY COLEMAN, ) | |
| INMATE GRIEVANCE BRANCH; ) | |
| AND DAVID TATARSKY, GENERAL ) | |
| COUNSEL, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The plaintiff, *pro se,* instituted this action on October 24, 2005, pursuant to 42 U.S.C. § 1983[1] alleging violations of his Constitutional Rights.

On February 15, 2006, plaintiff filed a motion for default judgment. (Doc.# 21). In ths motion, plaintiff asserts that "on November 9, 2005, this court served an Order, directing the Clerk to re-issue the Summons, and the United States Marshal Service was to serve the Summons and Complaint." (Doc. # 21, p. 2). Plaintiff asserts that defendants, Ozmint and Tatarsky, served their answer to the complaint alleging their affirmative defenses. Plaintiff argues that these defendants, Ozmint and Tatarsky, did not comply with the Federal Rules of Civil Procedure and file their answer within the twenty (20) days required by the Rules. Thus, plaintiff submits that these defendants are

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

in default in that it took defendants 43 days to respond to the complaint.

A review of the docket report reveals that the United States Marshals Service served both defendants, David Tatarsky and Jon Ozmint, on December 19, 2005. Their answer would have been due on or before January 9, 2006. (See docs. # 17 and 18). Defendants, David Tatarsky, Jon Ozmint, and the South Carolina Department of Corrections, all filed timely answers on January 6, 2006. (See Docs. # 10, 11, & 12).

Therefore, it is recommended that plaintiff's motion for default judgment (doc. #21) be DENIED in that defendants responded in a timely fashion.

## CONCLUSION

For the reasons set forth herein, it is RECOMMENDED that the plaintiff's motion for entry of default judgment (doc. # 21) be DENIED.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 27, 2006
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The Serious Consequences of a Failure to Do So

      The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

      During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina  29503
